UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

S.USA LIFE INSURANCE COMPANY, INC.,

                Plaintiff;

v.

CHRISTA BRIELLE NINO,

                Defendant.

Civil Action No.   7:18CV509

# COMPLAINT

Plaintiff S.USA Life Insurance Company, Inc. ("S.USA Life"), complains of Defendant Christa Brielle Nino ("Nino") as follows:

## Nature of the Action

1. This is a breach-of-contract action arising from Nino's failure to repay S.USA Life for commission chargebacks as required under the parties' General Agent Contract ("Contract").  (A true copy of the Contract with personal identifiers redacted is attached as Exhibit A.)

## Parties

2. S.USA Life is a corporation organized and existing under the laws of Arizona, with its statutory home office at 815 North 1st Avenue, Phoenix, Arizona 85003; and its principal executive office at 460 W. 34th Street, Suite 800, New York,

{2360485-1, 119528-00002-01}

New York 10001.  S.USA Life is thus a citizen of Arizona and New York for jurisdictional purposes.

3. Nino is a natural person who is domiciled at 496 W. Keats Avenue, Clovis, California 93612.  She is thus a citizen of California for jurisdictional purposes.

### Jurisdiction and Venue

4. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because S.USA Life and Nino are citizens of different States.

5. Under the Contract, Nino agreed to submit herself to the jurisdiction of this Court.  This Court thus has personal jurisdiction over her.

6. Under the Contract, Nino agreed to venue in this Court.  Venue is thus proper in this Court.

### Facts

7. S.USA Life is in the business of selling insurance policies.

8. Nino is, or at all times relevant was, an independent insurance agent.

9. On or about June 23, 2017, S.USA Life and Nino entered into the Contract.  Under the Contract, S.USA Life agreed to appoint Nino to solicit applications for its insurance policies and to pay her commissions on the insurance policies she sold, subject to certain terms and conditions.

10. In accordance with the Contract, S.USA Life would pay Nino a commission when an application for an insurance policy was received by the company.

This commission included an "advance" of a certain portion of the commission that would be coming due for the first year of the insurance policy.  But if the insurance policy was later rescinded, processed as "not taken," or terminated within the first year, then S.USA Life would assess Nino with a commission chargeback for all or part of the commission it paid her on the insurance policy, including overpayment of any part of the commission that had been advanced.

11. Under the Contract, if commission chargebacks assessed to Nino were not offset by commissions due or to become due to her, then she agreed to repay the commission chargebacks to S.USA Life within 30 days of receiving written notice of the total amount due from the company.  And if Nino did not pay the total amount due to S.USA Life within those 30 days, then she agreed to pay all costs of collection, including attorney's fees, as well as 12% interest on the total amount due to the company.

12. From on or about June 23, 2017 to July 26, 2018, S.USA Life assessed Nino with $170,940 in commission chargebacks.

13. On July 26, 2018, S.USA Life sent Nino written notice, terminating the Contract and demanding repayment of the $170,940 in commission chargebacks within 30 days.  (A true copy of the written notice is attached as Exhibit B.)  More than 30 days have passed since S.USA Life sent that written notice, and Nino has failed to repay the full amount of the commission chargebacks.

14. As of the date of this Complaint, Nino owes S.USA Life a total of $150,296.55 in commission chargebacks.

15. Even though S.USA Life has terminated the Contract, Nino's obligation to repay the commission chargebacks, together with all costs of collection and 12% interest on the total amount due, survives.

16. The Contract is governed by and is to be construed in accordance with Virginia law.

## Count I – Breach of Contract

17. S.USA Life realleges and incorporates the allegations set forth above in paragraphs 1–16.

18. S.USA Life and Nino mutually assented to the Contract, which is supported by adequate consideration. The Contract is thus valid and enforceable under Virginia law.

19. S.USA Life fully performed under the Contract by (among other things) timely paying Nino all commissions she was owed for the insurance policies she sold for the company.

20. But some of the insurance policies for which Nino was paid commissions by S.USA Life were later rescinded, processed as "not taken," or terminated within the first year. As a result, S.USA Life assessed her with commission chargebacks totaling $170,940 for those policies. Under the Contract, she must repay those commission chargebacks within 30 days of receiving written notice of the total amount due from S.USA Life.

21. On July 26, 2018, S.USA Life sent Nino written notice of the total amount of the commission chargebacks—$170,940—and demanded that she repay

that amount within 30 days, in accordance with the Contract. More than 30 days have passed since S.USA Life sent that written notice, and Nino has failed to repay the full amount of the commission chargebacks.

22. By failing to repay the total amount of the commission chargebacks to S.USA Life, Nino has breached the Contract.

23. As a result of Nino's breach of the Contract, S.USA Life has sustained damages totaling at least $150,296.55.

## Count II – Unjust Enrichment

24. S.USA Life realleges and incorporates the allegations set forth above in paragraphs 1–16.

25. By paying Nino commissions on insurance policies that were later rescinded, processed as "not taken," or terminated within the first year, S.USA Life conferred a benefit on her.

26. Nino knew of the benefit and should have reasonably expected to repay S.USA Life for it.

27. Nino accepted the benefit without paying for its value.

28. By accepting the benefit without paying for its value, Nino has been unjustly enriched. That enrichment equals at least the value of the commissions—$150,296.55.

## Prayer for Relief

Based on the foregoing allegations, S.USA Life prays for judgment against Nino as follows:

    A.     For money damages in the amount of at least $150,296.55, reflecting the total amount owed in commission chargebacks as of the date of judgment;

    B.     For pre- and post-judgment interest at 12%;

    C.     For attorney's fees and costs of this action; and

    D.     For such other and further relief as this Court may deem just and proper.

## Jury Demand

S.USA Life demands a trial by jury.

Dated: October 18, 2018

S.USA LIFE INSURANCE COMPANY, INC.

By: /s/J. Benjamin Rottenborn
      Of Counsel

J. Benjamin Rottenborn (VSB No. 84796)
Justin E. Simmons (VSB No. 77319)
WOODS ROGERS PLC
P.O. Box 14125
Roanoke, VA 24038-4125
Phone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com
jsimmons@woodsrogers.com

*Counsel for Plaintiff S.USA Life Insurance Company, Inc.*